**SUMMONS ISSUED**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK



FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ FEB - 1 2011 ★
BROOKLYN OFFICE

-----------------------------------------------------------------X

TAVONN TAIT,

                      Plaintiff,

    -against-

GC SERVICES LIMITED PARTNERSHIP,

                      Defendant(s).

-----------------------------------------------------------------X

Civil Action No.:



cv11- 0502

CLASS ACTION COMPLAINT

DEMAND FOR JURY TRIAL

WEXLER, J.

BOYLE, M.J.

Plaintiff TAVONN TAIT ("Plaintiff""), by and through his attorneys, M. Harvey Rephen & Associates, P.C., as and for its Complaint against the Defendant GC SERVICES LIMITED PARTNERSHIP, hereinafter referred to as Defendant(s)", respectfully sets forth, complains and alleges, upon information and belief, the following:

### INTRODUCTION/PRELIMINARY STATEMENT

1. Plaintiff brings this action on his own behalf for damages and declaratory and injunctive relief arising from the Defendant's violation(s) of §1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA").

### PARTIES

2. Plaintiff is a resident of the State of New York, residing at 357 Marcus Garvey Blvd., Brooklyn, NY 11221.

3. Defendant is a professional corporation doing business in TEXAS, with their main office at 6330 Gulfton Street, Houston TX 77081.

4. The Defendant is a "debt collector" as the phrase is defined and used in the

FDCPA under 15 USC §1692a (6).

## JURISDICTION AND VENUE

5. The Court has jurisdiction over this matter pursuant to 28 USC §1331, as well as 15 USC §1692 *et seq.* and 28 U.S.C. §2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. §1367(a).

6. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## ALLEGATIONS FOR CLASS ACTION

7. Plaintiff brings this action as a class action, pursuant to Federal Rules of Civil Procedure ("FRCP") Rule 23 on behalf of himself and all persons/consumers, along with their successors in interest, who have received similar debt collection notices and/or letters/communications from the Defendant which, as alleged herein, are in violation of the FDCPA, as of the date of Plaintiff's Complaint (the "Class"). Excluded from the Class is the Defendant herein, and any person, firm, trust, corporation, or other entity related to or affiliated with the defendant, including, without limitation, persons who are officers, directors, employees, associates or partners of the Defendant.

8. This Class satisfies all the requirements of FRCP Rule 23 for maintaining a class action.

9. The Class is so numerous that joinder of all members is impracticable. Upon information and belief, hundreds of persons have received debt collection notices and/or letters/communications from the Defendant which violates various provisions of the FDCPA.

10. The debt collection notices and/or letters/communications from the Defendant, received by the Class, are to be evaluated by the objective standard of the

hypothetical "least sophisticated consumer".

11. There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation: (i) Whether the Defendant violated various provisions of the FDCPA; (ii) Whether Plaintiff and the Class have been injured by the Defendant's conduct; (c) Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and, (iv) Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

12. Plaintiff's claims are typical of the claims of the Class, and Plaintiff has no interests adverse or antagonistic to the interests of other members of the Class.

13. A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted, this being specifically envisioned by Congress as a principal means of enforcing the FDCPA as codified by 15 USC §1692(k).

14. The members of the Class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action.

15. Prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties.

16. A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender.

Class treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

17. Plaintiff will fairly and adequately represent the Class members' interests in that the Plaintiff's counsel is experienced and, further, anticipates that no impediments in the pursuit and maintenance of the class action as sought herein.

18. Absent a class action the Class members will continue to suffer losses borne from Defendant's breaches of their statutorily protected rights as well as monetary damages, this allowing and enabling the Defendant's conduct to proceed and further enjoy the benefit of its ill-gotten gains.

19. Defendant has acted, and will act, on grounds generally applicable to the entire Class, thereby making appropriate a final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## **FACTUAL ALLEGATIONS**

20. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "19" herein with the same force and effect as if the same were set forth at length herein.

21. On information and belief, Defendant, on behalf of a third party, began collecting an alleged consumer debt from the Plaintiff.

22. On information and belief, and better known to the Defendant, the Defendant began its collection efforts and campaign of communicating with the Plaintiff beginning of July 2010 by sending letters to his house.

23. The Defendant sent a letter (Exhibit "A") to the Plaintiff dated July 9th,

2010 which was received shortly thereafter. The letter is a mass produced communication.

24. The Defendant's letters violates 15 USC §1692e-preface, 15 USC §1692e(10) and 15 USC §1692e(9) by using a deceptive, false and misleading representation in connection with an attempt to collect a debt, and that the letter simulates and falsely represents to be a document authorized, issued, or approved by an agency of the State of New Jersey, and creates a false impression as to its source, authorization, and approval as being from the State of New Jersey Motor Vehicle Commission.

25. The Defendant's letter is structured to imitate an official document with the wording "State of New Jersey" and under it "Motor vehicle Commission" in large bold letters on the top right. In addition the words in a large bold white on black block state "JUDGEMENT NOTICE" in large capital letters.

26. The name of the Defendant debt collector is in the upper left hand corner in smaller print and does not identify that they are a debt collector or who they are in relation to the State of New Jersey, Motor Vehicle Commission.

27. The Defendant's letter is legally deficient under 15 USC §1692e (11) in that it fails to adequately convey to the least sophisticated consumer that the communication is from a debt collector and further violates 15 USC §1692g (a) by failing to adequately convey the required 30 day dispute notice and validation notice because there is no notice to the consumer directing him to look on the back of the letter for the required disclosures.

## FIRST CAUSE OF ACTION
### (Violations of the FDCPA)

28. Plaintiff repeats, reiterates and incorporates the allegations contained in

paragraphs numbered "1" through "27" herein with the same force and effect as if the same were set forth at length herein.

29.     Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 USC §1692e-preface, 15 USC §1692e (9), 15 USC §1692e (10) and 15USC §1692g (a)

30.     As a result of Defendant's violations of the FDCPA, Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA.

## DEMAND FOR TRIAL BY JURY

31.     Plaintiff TAVONN TAIT hereby respectfully requests a trial by jury for all claims and issues in its Complaint to which it is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff TAVONN TAIT demands judgment from the Defendants GC SERVICES LIMITED PARTNERSHIP, as follows:

    A.  For actual damages provided and pursuant to 15 USC §1692k(a)(1);

    B.  For statutory damages provided and pursuant to 15 USC §1692k(2)(A);

    C.  For statutory damages provided and pursuant to 15 USC §1692k(2)(B);

    D.  For attorneys' fees and costs provided and pursuant to 15 USC §1692k(a)(3);

    E.  A declaration that the Defendant's practices violated the FDCPA;

    F.  For any such other and further relief, as well as further costs,

expenses and disbursements of this action, as this Court may deem just and proper.

Dated:   New York, New York
         January 31, 2011

>                    Respectfully submitted,
>
>                    By: /s/
>                    M. Harvey Rephen, (MR3384), Esq.
>                    M. HARVEY REPHEN & ASSOCIATES, P.C.
>                    708 Third Avenue, 6th Floor
>                    New York, New York 10017
>                    Phone:    (212) 796-0930
>                    Facsimile: (212) 330-7582
>
>                    *Attorney for the Plaintiff TAVONN TAIT*

To:   GC SERVICES LIMITED PARTNERSHIP
      6330 Gulfton St.
      Houston, TX 77081

      *(Via Prescribed Service)*

      Clerk,
      United States District Court, Eastern of New York
      *(For Filing Purposes)*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK                    CASE NO.:

TAVONN TAIT,

                              Plaintiff(s),

        -against-

GC SERVICES LIMITED PARTNERSHIP,

                              Defendant(s).

---

## COMPLAINT

---

M. HARVEY REPHEN & ASSOCIATES, P.C.
708 Third Avenue, 6th Floor
New York, New York 10017
Phone:    (212) 796-0930
Facsimile: (212) 330-7582

**EXHIBIT "A"**

GC SERVICES Limited Partnership

P.O. Box 3346
Houston, TX 77253-3346

**RETURN SERVICE REQUESTED**

Tavonn Mcmullen
287 Union St Apt 3
Jersey City NJ 07304-1513

**State of New Jersey**
**Motor Vehicle Commission**

For Surcharge questions you may contact us at (888) 417-6970
For Motor Vehicle questions call: (609) 292-6500
For License Suspension and Restoration information call: (609) 292-7500

| Driver License: | M1679 73200 03762 |
|---|---|
| Notice Date: | 07/09/2010 |
| Notice Number: | 101860743610 |
| Judgment No: | DJ16365610 |

| Summary of Charges | |
|---|---|
| Prev.Judgm't Due | $4,985.44 |
| New Judgm't Prin. | $250.00 |
| Cost & Interest | $80.46 |
| Subtotal | $5,315.90 |
| Payment | $0.00 |
| Adjustment | $0.00 |
| Total Due | $5,315.90 |

## JUDGMENT NOTICE

You have failed to properly satisfy the payment requirements for the insurance surcharge(s) listed below. As a result, a **CERTIFICATE OF DEBT, DJ16365610**, has been filed against you on **06/29/2010** with the Superior Court of New Jersey. As a result of this judgment you are now responsible for paying not only the principal amount, but also the related costs and interest. This judgment now exists against any real property you may have, and may result in more severe enforcement actions against you. These actions include the **SEIZURE OF YOUR PERSONAL PROPERTY** and the **GARNISHMENT OF YOUR WAGES**. In addition, this debt may be picked up by a **NATIONAL CREDIT BUREAU** and reported on your credit report. This judgment will remain outstanding and interest will accrue until full payment is made, even if you no longer live in, are licensed in, or register a vehicle in the state of New Jersey.

### SURCHARGE INCIDENT INFORMATION

| SURCHARGE NUMBER | AMOUNT | STATUS* | YEAR | INCIDENT DATE | POST DATE | CODE | REPORTED BY | DESCRIPTION OF EVENT | POINTS |
|---|---|---|---|---|---|---|---|---|---|
| S100241000000 | $250.00 | N, S | 2 | 12/22/2008 | 01/23/2009 | 6340 | Neptune City Mun Court | Operate While Suspend Or Revoked | 0 |
| TOTALS | $0.00 | | | | | | | | |

*Status: N=New, S=Suspended, J=Judgment

✂--------------------------------------------------------------------------------
**DETACH AND RETURN THIS PORTION OF STATEMENT WITH PAYMENT TO ENSURE PROPER CREDIT TO YOUR CASE**

As of the date of this letter, you owe $5,315.90.
Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you before depositing the check.

Tavonn Mcmullen
287 Union St Apt 3
Jersey City NJ 07304-1513

Send your payment in full to:   GC SERVICES,
P.O. Box 3346
Houston, TX 77253-3346
Make your Check or Money Order payable to the NEW JERSEY MOTOR VEHICLE COMMISSION, include your driver license number.

| Driver License: | M1679 73200 03762 | | |
|---|---|---|---|
| Notice Number: | 101860743610 | Notice Date: | 07/09/2010 |
| Judgment Number: | DJ16365610 | | |
| Total Due: | $5,315.90 | Restore/IPP Amt: | $222.00 |
| Date Due: | 08/13/2010 | Amount Enclosed: | |

02110JG010M16797320003762101860743610600531590000022200

GCS-JG01

100706BCON-0002118